THE INHABITANTS OF THE TOWNSHIP OF BERNARDS, IN THE COUNTY OF SOMERSET, PLAINTIFFS IN ERROR, v. THE STATE, ANNA SKINKLE ALLEN, PROSECUTOR, DEFENDANT IN ERROR.*

MAGIE, CHIEF JUSTICE (dissenting). I deem it unnecessary to express any opinion in respect to the proposition upon which the majority of the court have pronounced the act under consideration to be without constitutional validity.

In my judgment the act is, in the respect complained of by the plaintiff in error, within the express prohibition of a constitutional provision adopted among the amendments of 1875.

Before the adoption of those amendments the legislature had asserted a right to appoint, by legislative act and by election in joint meeting, commissions to whom was committed the control of local municipal affairs, including the power to determine what taxes should be imposed for local purposes.

To restrict the exercise of legislative power thus asserted, the people inserted in the constitution an express prohibition against the passage of private, local or special laws, "appoint-

---

* This opinion and the following opinion of Mr. Justice Collins should have followed the opinion of Mr. Justice Depue, *ante* p. 243.

ing local offices [*sic*] or commissions to regulate municipal affairs." *Const., art.* 4, § 7, ¶ 11.

The form of this amendment does not indicate an intention to deny that the legislature possessed some power to regulate municipal affairs by commissions. The prohibition is only directed at local and special laws, and justifies the inference that general laws on that subject are within legislative power.

Is the act before us a general or a local and special law? Plaintiff in error contends that its provisions confer authority upon the commissioners appointed by the governor to determine what tax should be imposed in the municipality affected.

The raising of revenue by taxation for public purposes is effected, under our system, by three distinct acts. There must first be a lawful determination of the amounts to be raised for such purposes. This is properly called "laying taxes." There must next be a calculation and apportionment of those amounts on the persons and property on which the law imposes them. This is called "assessing taxes." Lastly, there follows the enforcing and collecting the apportioned amounts by some officer to whom the assessment has been delivered. This is properly called "levying taxes."

The act in question does not apply to all the municipalities of the state, but it will not, for that reason, lack generality if it applies to a class of municipalities distinguished from others by characteristics indicating the appropriateness of such legislation to that class alone.

An examination of the act has convinced me that the sole distinguishing characteristic of the class of municipalities to which it applies consists not (as was held in the Supreme Court) in a failure of the municipal authorities in the performance of the duty of determining the amounts to be raised by taxation, but in the failure of the power to assess taxes, arising from vacancies in the office of assessor or from neglect of duty on the part of assessors in commencing the valuation of property at the required time, or in levying taxes—*i. e.,* furnishing the collecting officer the means of enforcing taxes at the required time.

Municipalities thus distinguished might perhaps be properly the subject of legislation in respect to such failures, and to that extent this act may be deemed general.

But if the contention of plaintiff in error is correct, and if the act, properly construed, empowers the commissioners to determine what taxes shall be raised for the specified purposes, then, in my judgment, the act is not general because the classification has no relation whatever to the grant of that power.

The result is that, if the act is susceptible of the construction claimed, it is, at least to that extent, within the constitutional prohibition referred to.

This result deprives plaintiff in error of the relief it sought. No other question is presented, and I am unable to perceive how a reversal of the judgment of the Supreme Court for the benefit of defendant in error, who has not complained of it, can be justified.

I shall vote to affirm the judgment.

COLLINS, J. (dissenting). I agree that the act of March 20th, 1884, is unconstitutional, for the reason and to the extent stated by Mr. Justice Depue, but I think that this result leads to an affirmance of the judgment of the Supreme Court. No reversible error injuriously affecting the township appears, and the taxpayers are not complaining of the judgment.

Messrs. Justices Garrison and Ludlow concur in this view.